Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

**MISSOURI CIRCUIT COURT**
**TWENTY-FIRST JUDICIAL COURT**
**ST. LOUIS COUNTY**

| | |
|---|---|
| **JOSE MARTINEZ FERNANDEZ**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRICAM INDUSTRIES LLC**<br>**Serve: Cogency Global, Inc.**<br>**525 Park Street, Suite 247**<br>**St. Paul, Minnesota 55103**<br><br>**and**<br><br>**TRICAM INDUSTRIES LLC d/b/a GORILLA LADDERS**<br>**Serve: 7677 Equitable Drive**<br>**Eden Prairie, Minnesota 55344**<br><br>**Defendants.** | **Case No.**<br><br>**Div.**<br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW Plaintiff Jose Martinez Fernandez, by and through his undersigned counsel, and for his Petition asserting causes of action against Defendant Tricam Industries LLC ("Defendant Tricam") and Defendant Tricam Industries LLC d/b/a Gorilla Ladders ("Defendant Gorilla Ladders"), states the following:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times relevant, Plaintiff Jose Martinez Fernandez is a citizen and resident of the State of Missouri.

2. At all times relevant, Defendant Tricam Industries LLC was and is a Minnesota limited liability company organized and existing under the laws of the State of Minnesota with its principal place of business at 7677 Equitable Drive, Eden Prairie, Minnesota 55344.

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

3. At all times relevant, Defendant Gorilla Ladders was and is a Minnesota corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 7677 Equitable Drive, Eden Prairie, Minnesota 55344.

4. At all times relevant, Defendant Tricam specializes in designing, manufacturing, distributing, and/or selling various home and yard products, including ladders now or formerly marketed and sold under the brand name "Gorilla Ladders."

5. At all times relevant, Defendant Tricam did and does business as Gorilla Ladders.

6. Personal jurisdiction is proper over Defendants because Defendants transacted substantial business in the State of Missouri, entered contracts in the State of Missouri, and maintained such minimum contacts with the State of Missouri such that the exercise of jurisdiction over Defendant is fair and reasonable.

7. Venue is proper in the Circuit Court of St. Louis County pursuant to Mo. Rev. Stat. § 508.010.4 because the Plaintiff was first injured by the wrongful acts and negligent conduct of Defendant in St. Louis County, Missouri.

**FACTUAL ALLEGATIONS**

8. At all times relevant, Defendant Tricam was engaged in the business of selling Gorilla Multi-Position ladders which were to be placed in the stream of commerce and were sold and distributed through their company, Tricam Industries doing business as Gorilla Ladder, in the usual course and scope of its business.

9. Defendant Tricam advertises its products, including its Gorilla Ladders, as being "built to withstand whatever life throws at you without compromise," as "market-leading quality

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

that meets or exceeds industry standards," and as being "designed and engineered for maximum productivity and ease of use."[1]

10. Specifically, Defendant Tricam advertises its Gorilla Ladders as being "… unlike any other on the market," and that Gorilla Ladders are "… designed and engineered to perfection, helping you feel safe, secure, and confident while working."[2]

11. On May 24, 2025, Plaintiff Jose Martinez Fernandez was installing plywood above the front entrance of a residence located at 2443 Indian Tree Run, in St. Louis County, Missouri, through the normal scope of his employment as a construction worker.

12. Plaintiff's employer provided Plaintiff with the 22-foot Reach Aluminum Multi-Position Ladder "Gorilla Ladder Model GMPXA-22B" UPC 722571015893 (the "subject Gorilla Ladder") to assist with his work.

13. At all times relevant, Plaintiff had configured and locked the subject Gorilla Ladder.

14. At all times relevant, Plaintiff engaged all locking mechanisms on the subject Gorilla Ladder prior to use.

15. At all times relevant, Plaintiff climbed the subject Gorilla Ladder to a height of approximately five to six feet above the ground.

16. While Plaintiff was positioned on the subject Gorilla Ladder suddenly and without warning the ladder suddenly broke, cracked, fractured, and/or split near the top step of the ladder.

17. As a result of the failure of the subject Gorilla Ladder, Plaintiff fell approximately five to six feet to the ground.

---

[1] See https://gorillamade.com/.
[2] See https://gorillamade.com/ladders/.

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

18. At all times relevant, Plaintiff acted reasonably and in a safe manner prior to the failure of the subject Gorilla Ladder.

19. At all times relevant, Plaintiff was a proper and intended user of the subject Gorilla Ladder during his regular course of work.

20. At all times relevant, Plaintiff did not over-work or over-load the subject Gorilla Ladder.

21. At all times relevant, Plaintiff used the subject Gorilla Ladder in its intended use and fashion.

22. The failure of subject Gorilla Ladder occurred during the normal operation of the ladder and without warning to Plaintiff.

23. At all times relevant, Defendant Tricam was in a position to correct any and all design, manufacturing, and/or warning defects in the subject Gorilla Ladder before it was sold and/or placed in the stream of commerce.

24. At all times relevant, Defendant Tricam controlled the design and manufacturing of the subject Gorilla Ladder and controlled the warnings that were affixed to the ladder.

25. As a direct and proximate result of the subject Gorilla Ladder failure and resulting fall, Plaintiff suffered serious personal injuries requiring medical care, attention, and treatment.

**COUNT I**
**NEGLIGENCE**
**DEFENDANT TRICAM INDUSTRIES, LLC**

26. Plaintiff incorporates the above allegations as though fully set forth herein.

27. At all times relevant, Defendant Tricam Industries, LLC was engaged in the business of designing, manufacturing, testing, distributing, selling, supplying, and otherwise placing into the stream of commerce "Gorilla Ladders," including the subject Gorilla Ladder.

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

28. Defendant Tricam Industries, LLC owed a duty to exercise ordinary care in designing, manufacturing, testing, distributing, selling, marketing, supplying, or otherwise selling "Gorilla Ladders," including the subject Gorilla Ladder, so that it was reasonably safe for its intended and foreseeable users.

29. Defendant Tricam Industries, LLC breached that duty in one or more of the following respects:

a. Defendant negligently and carelessly designed the subject Gorilla Ladder;

b. Defendant negligently and carelessly manufactured the subject Gorilla Ladder;

c. Defendant negligently failed to adequately test the subject Gorilla Ladder;

d. Defendant negligently and carelessly sold and distributed the subject Gorilla Ladder in an unreasonably dangerous and/or defective condition;

e. Defendant negligently and carelessly failed to properly inspect and/or test the subject Gorilla Ladder before selling and distributing it;

f. Defendant negligently and carelessly failed to warn foreseeable users, including Plaintiff, of hazards associated with the design and/or use of the subject Gorilla Ladder;

g. Defendant negligently and carelessly used materials of inadequate material strength to adhere the steps to the subject Gorilla Ladder;

h. Defendant negligently and carelessly failed to implement and/or enforce adequate design review policies, hazard analyses, and/or failure mode assessments that would have identified foreseeable risks of step detachment or ladder damage;

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

i. Defendant negligently and carelessly failed to monitor, investigate, and/or respond to reports, complaints, or incidents of failure involving substantially similar ladder malfunctions;

j. Defendant negligently and carelessly failed to undertake a reasonable post-sale duty to warn, instruct, recall, and/or retrofit the subject Gorilla Ladder after learning, or in the exercise of ordinary care should have learned, of its unreasonably dangerous condition;

k. Defendant negligently and carelessly failed to adopt and/or adhere to applicable industry design standards, safety regulations, and/or best practices, governing the design, manufacture, and sale of "Gorilla Ladders;" and

l. Such further negligent acts and omissions as discovery will reveal.

30. As a direct and proximate result of the negligent and careless acts of Defendant, Plaintiff Jose Martinez Fernandez suffered severe injuries on May 24, 2025. Plaintiff suffered severe and needless discomfort, pain, and mental anguish.

31. As a direct and proximate result of the negligent and careless acts of Defendant, and the injuries of Plaintiff, Plaintiff was required to expend, incur, and become indebted for medical expenses, lost wages, and other damages.

32. The conduct of Defendant as described above showed a complete indifference to or conscious disregard for the safety of Plaintiff and others, thereby justifying an award of damages for aggravating circumstances in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgement against Defendant Tricam Industries, LLC in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

adequate under the aggravating circumstances damages, for his costs herein expended, and for such other relief as the Court deems just under the circumstances.

**COUNT II**
**STRICT PRODUCT LIABILITY**
**DEFENDANT TRICAM INDUSTRIES LLC**

33. Plaintiff incorporates the above allegations as though fully set forth herein.

34. At all times relevant, Defendant Tricam designed, engineered, manufactured, assembled, distributed, promoted, tested, labeled, inspected, marketed, and sold products known as "Gorilla Ladders," including a product known as the 22-foot Reach Aluminum Multi-Position Ladder "Gorilla Ladder Model GMPXA-22B" UPC 722571015893.

35. Defendant Tricam placed "Gorilla Ladders" into the stream of commerce in the regular course of its business.

36. Directly or through its subsidiaries, Defendant Tricam distributed and sold in the State of Missouri the subject Gorilla Ladder,

37. At the time of the above-mentioned incident and Plaintiff's injuries, the subject Gorilla Ladder was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

a. The subject Gorilla Ladder was defectively designed and/or manufactured with inadequate, insufficient, and/or unsuitable materials and components, creating a foreseeable risk of metal failures, breakage, fracture, cracking and/or detachment of one or more steps or other components during reasonably anticipated use;

b. The subject Gorilla Ladder was defectively designed and/or manufactured with lock engagement, locking, and/or stability mechanisms that were inadequate to

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

maintain the ladder's structural integrity and stability during reasonably anticipated use, thereby creating an unreasonable risk of collapse, movement, or other hazardous operation;

c. The subject Gorilla Ladder was defectively designed and/or manufactured in that it failed to incorporate feasible and reasonably available alternative designs, materials, components, and/or safety measures – including stronger or more durable materials, more secure attachment of the steps and other structural components, and/or more reliable locking and stability mechanisms – that would have reduced or eliminated the risks of injury associated with the ladder's reasonably anticipated use; and

d. Such further defects as discovery and evidence will reveal.

38. At all times relevant, the subject Gorilla Ladder reached Plaintiff without substantial change from the condition in which it was sold and distributed by Defendant Tricam.

39. At all times relevant, Plaintiff used the subject Gorilla Ladder in a manner reasonably anticipated by Defendant Tricam, including configuring and locking the ladder per on-product instructions and design, and climbing to perform work.

40. At all times relevant, the subject Gorilla Ladder was not materially altered or modified after it left Defendant Tricam's and before it reached Plaintiff, and had not sustained abnormal abuse, misuse, or damage.

41. Defendant Tricam knowingly failed to adequately evaluate the foreseeable uses, foreseeable forces, and known hazards associated with aluminum-based multi-position ladders before distributing the subject Gorilla Ladder into the stream of commerce.

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

42. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Gorilla Ladder, Plaintiff Jose Martinez Fernandez suffered severe injuries on May 24, 2025. Plaintiff suffered severe and needless discomfort, pain and mental anguish from the time of his injuries until present.

43. As a direct and proximate result of the negligent and careless acts of Defendant Tricam, and the injuries of Plaintiff, Plaintiff was required to expend, incur, and become indebted for medical expenses, lost wages, and other damages.

44. The conduct of Defendant Tricam as described above demonstrated willful, wanton, and reckless indifference to the safety of Plaintiff and others, thereby justifying an award of damages for aggravating circumstances in such a sum as will serve to punish Defendant Tricam and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgement against Defendant Tricam Industries LLC in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the aggravating circumstances damages, for his costs herein expended, and for such other relief as the Court deems just under the circumstances.

**COUNT III**
**NEGLIGENCE**
**DEFENDANT GORILLA LADDERS**

45. Plaintiff incorporates the above allegations as though fully set forth herein.

46. At all times relevant, Defendant Gorilla Ladders were engaged in the business of designing, manufacturing, testing, distributing, selling, supplying, and otherwise placing into the stream of commerce "Gorilla Ladders," including the subject Gorilla Ladder.

47. Defendant Gorilla Ladders owed a duty to exercise ordinary care in designing, manufacturing, testing, distributing, selling, marketing, supplying, or otherwise selling "Gorilla

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

Ladders," including the subject Gorilla Ladder, so that it was reasonably safe for its intended and foreseeable users.

48. Defendant Gorilla Ladders breached that duty in one or more of the following respects:

a. Defendant negligently and carelessly designed the subject Gorilla Ladder;

b. Defendant negligently and carelessly manufactured the subject Gorilla Ladder;

c. Defendant negligently failed to adequately test the subject Gorilla Ladder;

d. Defendant negligently and carelessly sold and distributed the subject Gorilla Ladder in an unreasonably dangerous and defective condition;

e. Defendant negligently and carelessly failed to properly inspect and/or test the subject Gorilla Ladder before selling and distributing it;

f. Defendant negligently and carelessly failed to warn foreseeable users, including Plaintiff, of hazards associated with the design and/and use of the subject Gorilla Ladder;

g. Defendant negligently and carelessly used materials of inadequate material strength to adhere the steps to the subject Gorilla Ladder;

h. Defendant negligently and carelessly failed to implement and/or enforce adequate design review policies, hazard analyses, and/or failure mode assessments that would have identified foreseeable risks of step detachment or ladder damage;

i. Defendant negligently and carelessly failed to monitor, investigate, and/or respond to reports, complaints, or incidents of failure involving substantially similar ladder malfunctions;

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

j. Defendant negligently and carelessly failed to undertake a reasonable post-sale duty to warn, instruct, recall, and/or retrofit the subject Gorilla Ladder after learning, or in the exercise of ordinary care should have learned, of its unreasonably dangerous condition;

k. Defendant negligently and carelessly failed to adopt and/or adhere to applicable industry design standards, safety regulations, and/or best practices, governing the design, manufacture, and sale of "Gorilla Ladders;" and

l. Such further negligent acts and omissions as discovery will reveal.

49. As a direct and proximate result of the negligent and careless acts of Defendant, Plaintiff Jose Martinez Fernandez suffered severe injuries on May 24, 2025. Plaintiff suffered severe and needless discomfort, pain, and mental anguish.

50. As a direct and proximate result of the negligent and careless acts of Defendant, and the injuries of Plaintiff, Plaintiff was required to expend, incur, and become indebted for medical expenses, lost wages, and other damages.

51. The conduct of Defendant as described above showed a complete indifference to or conscious disregard for the safety of Plaintiff and others, thereby justifying an award of damages for aggravating circumstances in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgement against Defendant Gorilla Ladders in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the aggravating circumstances damages, for his costs herein expended, and for such other relief as the Court deems just under the circumstances.

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

**COUNT IV**
**STRICT PRODUCT LIABILITY**
**DEFENDANT GORILLA LADDERS**

52. Plaintiff incorporates the above allegations as though fully set forth herein.

53. At all times relevant, Defendant Gorilla Ladders designed, engineered, manufactured, assembled, distributed, promoted, tested, labeled, inspected, marketed, and sold products known as "Gorilla Ladders," including a product known as the 22-foot Reach Aluminum Multi-Position Ladder "Gorilla Ladder Model GMPXA-22B".

54. Defendant Gorilla Ladders placed products, including the subject Gorilla Ladder, into the stream of commerce in the regular course of its business.

55. Directly or through its subsidiaries, Defendant Gorilla Ladders distributed and sold in the State of Missouri the subject Gorilla Ladder,

56. At the time of the above-mentioned incident and Plaintiff's injuries, the subject Gorilla Ladder was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

a. The subject Gorilla Ladder was defectively designed and/or manufactured with inadequate, insufficient, and/or unsuitable materials and components, creating a foreseeable risk of metal failures, breakage, fracture, cracking and/or detachment of one or more steps or other components during reasonably anticipated use;

b. The subject Gorilla Ladder was defectively designed and/or manufactured with lock engagement, locking, and/or stability mechanisms that were inadequate to maintain the ladder's structural integrity and stability during reasonably

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

anticipated use, thereby creating an unreasonable risk of collapse, movement, or other hazardous operation;

c. The subject Gorilla Ladder was defectively designed and/or manufactured in that it failed to incorporate feasible and reasonably available alternative designs, materials, components, and/or safety measures – including stronger or more durable materials, more secure attachment of the steps and other structural components, and/or more reliable locking and stability mechanisms – that would have reduced or eliminated the risks of injury associated with the ladder's reasonably anticipated use; and

d. Such further defects as discovery and evidence will reveal.

57. At all times relevant, the subject Gorilla Ladder reached Plaintiff without substantial change from the condition in which it was sold and distributed by Defendant Gorilla Ladders.

58. At all times relevant, Plaintiff used the subject Gorilla Ladder in a manner reasonably anticipated by Defendant Gorilla Ladders, including configuring and locking the ladder per on-product instructions and design, and climbing to perform work.

59. At all times relevant, the subject Gorilla Ladder was not materially altered or modified after it left Defendant Gorilla Ladders and before it reached Plaintiff, and had not sustained abnormal abuse, misuse, or damage.

60. Defendant Gorilla Ladders knowingly failed to adequately evaluate the foreseeable uses, foreseeable forces, and known hazards associated with aluminum-based multi-position ladders before distributing the subject Gorilla Ladder into the stream of commerce.

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

61. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Gorilla Ladder, Plaintiff Jose Martinez Fernandez suffered severe injuries on May 24, 2025. Plaintiff suffered severe and needless discomfort, pain and mental anguish from the time of his injuries until present.

62. As a direct and proximate result of the negligent and careless acts of Defendant Gorilla Ladders, and the injuries of Plaintiff, Plaintiff was required to expend, incur, and become indebted for medical expenses, lost wages, and other damages.

63. The conduct of Defendant Gorilla Ladders as described above demonstrated willful, wanton, and reckless indifference to the safety of Plaintiff and others, thereby justifying an award of damages for aggravating circumstances in such a sum as will serve to punish Defendant Gorilla Ladders and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgement against Defendant Gorilla Ladders in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the aggravating circumstances damages, for his costs herein expended, and for such other relief as the Court deems just under the circumstances.

Electronically Filed - St Louis County - August 31, 2026 - 11:40 AM

DATED: August 31, 2026

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By: *<u>/s/ Sydney P. Marino</u>*
John G. Simon, #35231
John M. Simon, #68393
Jared L. Waldhoff, #75799
Katie E. St. John, #73028
Sydney P. Marino, #78087
1001 Highlands Plaza Drive, Suite 300
St. Louis, Missouri 63110
(314) 241-2929
(314) 241-2029 / Facsimile
jsimon@simonlawpc.com
jmsimon@simonlawpc.com
jwaldhoff@simonlawpc.com
kstjohn@simonlawpc.com
smarino@simonlawpc.com

***Attorneys for Plaintiffs***